The relief described hereinbelow is SO ORDERED.

Signed August 28, 2007.



_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

**In re:**

| | |
|---|---|
| **KEVIN CHARLES MCDEVITT and** | Case No. 07-20273 |
| **CHERYL ANN MCDEVITT,** | Chapter 13 |
| **Debtors.** | |

**MEMORANDUM OPINION AND ORDER
GRANTING CONFIRMATION OF AMENDED CHAPTER 13 PLAN**

Confirmation of Debtors' Amended Chapter 13 plan is pending before the Court.[1] General unsecured creditor eCAST Settlement Corporation ("Creditor") objects to Debtors' proposed amended plan, alleging the plan does not commit all projected disposable income to unsecured creditors.[2] Creditor's objection states that the Debtors' plan may not be confirmed; it specifically states the Debtors' plan violates the dictates of § 707(b)(2)(A)(ii)(I), a requisite to confirmation of a debtor's Chapter 13 plan under § 1325(b)(3). The subsection under § 707 upon which the objecting Creditor relies establishes a debtor's monthly expenses under National

---

[1] Doc. No. 20. Debtors Kevin Charles McDevitt and Cheryl Ann McDevitt appear by George J. Thomas, Prairie Village, Kansas. eCAST Settlement Corporation appears by Michael H. Berman, Overland Park, Kansas.

[2] Doc. No. 16.

07.08.27 McDevitt Confirmation Granted.wpd

and Local Standards and "Other Necessary Expenses." The Creditor does not challenge the Debtors' average monthly payments on account of secured debts contractually due on the petition date as provided for under § 707(b)(2)(A)(iii). On its face, the Creditor's objection appears legally deficient.

At a pretrial conference this Court affirmed the Creditor's statutory predicate for objection to confirmation of the Debtors' Chapter 13 plan:

> THE COURT: So, again, this is driven by the B22C analysis. Is your allegation that there are secured claims in payments included in B22C that should not have been?
>
> MR. BERMAN: Judge, I don't believe that is our allegation. I believe that our only objection is that the lake house does not fall within these allowable deduction of standards and thereby increasing by approximately $717.00 if this lake home and recreational boat were sold. But, it does fall within, I believe, it is B22.
>
> THE COURT: I don't understand your objection. Are you saying that we should look to I and J and delete what you view as unnecessary expenses?
>
> MR. BERMAN: I believe that is correct, Judge.
>
> THE COURT: So, you are asking the Court to look at I and J on above-median income debtors?
>
> MR. BERMAN: Correct. They are above median.
>
> THE COURT: Okay. But, these are otherwise legitimate in B22C deductions, correct?
>
> MR. BERMAN: Correct.
>
> THE COURT: So, why should I look at I and J?
>
> MR. BERMAN: Judge, at this time, I don't have a response for you.

The basis for the Creditor's objection to confirmation is whether the Debtors' deductions for certain secured debt payments qualify as "Other Necessary Expenses" under

§ 707(b)(2)(A)(ii)(I), a subsection that by its plain terms does not address the deductions for secured debt service for above-median income debtors.[3]

### Findings of Fact

Debtors filed for Chapter 13 relief on February 15, 2007. Debtors' Form B22C indicated the Debtors are above-median income debtors with $102,552.00 reported as their annualized income for a family of two. Debtors completed the disposable income calculation under 11 U.S.C. § 1325(b)(3) and reported monthly disposable income of $277.40. At the time of filing, Debtors owed secured debts on two homes, two cars, home furniture, and a pontoon boat. On account of these secured debts, Debtors deducted the following amounts on their Form B22C for future payments on secured claims.

| | |
|---|---|
| Lake Home Mortgage | $ 545.00 |
| Personal Residence First Mortgage | $ 1,035.00 |
| Personal Residence Second Mortgage | $ 320.00 |
| First Car Loan | $ 172.33 |
| Second Car Loan | $ 144.87 |
| Furniture Loan | $ 10.83 |
| Boat Loan | $ 169.13 |
| TOTAL | $ 2,397.16 |

Debtors' Schedules I and J showed monthly net income of $214.00. Debtors' original plan proposed to pay $650.00 per month for 60 months. Creditor argues Debtors could pay $32,700.00 to unsecured creditors over the length of the plan if the lake home and boat were removed from Debtors' budget.

On May 18, 2007, Debtors filed an amended plan, still proposing $650.00 per month for 60 months, and Debtors indicated they would surrender their principal residence and the boat. Debtors also filed amended Schedules I and J, revealing Debtors were relocating to their lake

---

[3] *See* Doc. No. 16 at 4-7.

home and seeking new employment. Debtors did not amend their Form B22C. Creditor still opposes deductions taken for the lake house and pontoon boat as failing to be "Other Necessary Expenses." Creditor asserts with the disallowance of these debt payments, Debtors could distribute a minimum of $59,491.80 to unsecured creditors over the applicable period of their plan.

## Conclusions of Law

Section 1325(b)(1)(B) requires debtors to commit their projected disposable income to paying unsecured creditors as of the effective date of the plan. For purposes of §1325(b), "disposable income" is defined as current monthly income ("CMI") less "amounts reasonably necessary to be expended."[4] Section 1325(b)(3) states "amounts reasonably necessary to be expended" shall be determined under § 707(b)(2)(A) and (B) if the debtor is an above-median income debtor.

In this case, Debtors claim deductions for secured debt payments. Creditor objects, contending payments on account of such debts are not "Other Necessary Expenses" under §707(b)(2)(A)(ii)(I).

Creditor improperly relies on § 707(b)(2)(A)(ii)(I) as the legal basis for its objection. Creditor's objection requests the disallowance of payments for secured debt service, deductions that are not even contemplated under § 707(b)(2)(A)(ii)(I). This subsection is not pertinent to the debt service payments to which Creditor objects. Creditor's reliance upon Schedules I and J is also misplaced since, for the above-median income debtor, these Schedules do not drive the Court's analysis with regard to the minimum amount of the debtor's monthly Chapter 13 plan

---

[4] 11 U.S.C. §1325(b)(2).

payments or minimum payments to unsecured creditors.[5]

## Conclusion

Creditor has not established a legal basis upon which this Court should deny confirmation of the Debtors' Chapter 13 plan. Since there are no other pending objections to confirmation of the Debtors' Chapter 13 plan, such plan should be and is hereby confirmed.

IT IS SO ORDERED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

---

[5] As this Court found in *In re Puetz*, Schedules I and J determine plan feasibility, but not the plan payment for above-median income debtors. *In re Puetz*, Case No. 06-20756 (Bankr. D. Kan. June 25, 2007).

-5-
07.08.27 McDevitt Confirmation Granted.wpd

Case 07-20273    Doc# 45    Filed 08/28/07    Page 5 of 5